UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02207

**BC,**
*Petitioner,*

v.

**Collins, et al.,**
*Respondents.*

## ORDER

Gobinda BC is a native and citizen of Nepal currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2)(A). He filed a petition for writ of habeas corpus demanding immediate release or an individualized bond hearing. Because his detention is lawful, Petitioner's habeas petition is denied.

## BACKGROUND

Petitioner entered the United States on or about November 3, 2023. After being convicted of evading arrest detention, Petitioner was taken into custody by federal law enforcement, as this was a violation of the conditions of his prior release. He has been in federal immigration custody since August 1, 2026, and is currently detained by Respondents at the T. Don Hutto Detention Center in Taylor, Texas.

On August 11, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, Petitioner replied, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates Due Process, the Immigration and Nationality Act, and agency regulations. His arguments, however, fail. Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). And it is well-established that

such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Neither the statutory text nor the Due Process clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either.[1]

To the extent Petitioner argues that the Executive Branch may not detain him pursuant to 8 U.S.C. § 1225(b) after previously releasing him on his own recognizance, this argument, too, fails. Any previous decision to release him does not override Respondent's ability to detain him now under section 1225. *See, e.g.*, *Cardoso-Reyes v. Mullin*, No. 1:26-CV-01600, 2026 WL 2342564, at *2–4 (W.D. Tex. July 24, 2026) (collecting cases and explaining that prior parole under section 1226 does not destroy the applicability of section 1225). After all, "the fact that '§ 1226 applies to aliens in the United States does not preclude § 1225 from also applying to such aliens.'" *Id.* at *2 (quoting *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 505 (5th Cir. 2026)). Thus, Petitioner's previous release, presumably under section 1226, in no way alters his legal status as an applicant for admission subject to section 1225(b).

Petitioner emphasizes that this Court should grant habeas relief because he is suffering from mental health issues that require treatment. But that is not a basis for habeas relief. His

[1] The Fifth Circuit's panel decision in *Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir.), *reh'g en banc granted, opinion vacated*, 181 F.4th 608 (5th Cir. 2026), was vacated and rehearing en banc was granted on July 10, 2026, *see Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026) (per curiam). "[T]hus the opinion is not binding precedent[,]" *Munn v. City of Ocean Springs, Miss.*, 763 F.3d 437, 441 n.2 (5th Cir. 2014), and the Court is not persuaded by its reasoning. For the reasons set forth in *Esquivel v. Mullin*, No. 1:26-cv-02000, 2026 WL 2322821 (W.D. Tex. Aug. 10, 2026), the subsequent stay, *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2104747, at *1 (5th Cir. July 21, 2026), does not preclude this Court from adjudicating or entering final judgment in this case.

detention is categorical section 1225(b), and "habeas is not available to review questions unrelated to the cause of detention." *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021), (quoting *Pierre*, 525 F.2d at 935 (5th Cir. 1976)). To the extent his concern is that he is not receiving appropriate medical care while in federal custody, habeas is not the proper vehicle to assert that claim. *See McBarron v. Jeter*, 243 F. App'x 857, 857 (5th Cir. 2007); *Mora v. Warden, Fed. Corr. Complex*, 480 F. App'x 779, 780 (5th Cir. 2012) ("The district court therefore correctly concluded that [a denial of medical care] claim was not cognizable under § 2241.").

For the reasons set forth above and in Parts I–III of this Court's decision in *Tapia v. Mullin*, No. 1:26-cv-01321, 2026 WL 1657240 (W.D. Tex. June 8, 2026), the Court denies the petition.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on September 15, 2026.*



ANDREW DAVIS
United States District Judge